**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


TODD S. MORROW,                           :          CIVIL ACTION NO. 05-6786
                                          :
                      Plaintiff,          :
          v.                              :
                                          :
PATRICK L. MEEHAN, UNITED                 :
STATES ATTORNEY,                          :
                                          :
                      Defendant.          :


**MEMORANDUM**

BUCKWALTER, S.J.                                                    August 24, 2006


        Presently before the Court are Defendant's Motion to Dismiss (Docket No. 6),

Plaintiff's response thereto (Docket No. 8) and Defendant's Reply (Docket No. 9).  As explained

below, Defendant's Motion to Dismiss is granted.

**I.  BACKGROUND**

        Plaintiff is the father of Sean Morrow, a minor child born during Plaintiff's

marriage to Ms. Svetlana Stepnaya.[1]  In January 2001, a state court awarded joint custody of Sean

Morrow to Plaintiff and Ms. Stepnaya and prohibited both parents from removing Sean Morrow

from the jurisdiction of Delaware County, Pennsylvania.  In March 2002, the state court again

issued an order prohibiting both parents from removing Sean Morrow from Delaware County.

        On October 28, 2002, Ms. Stepnaya removed Sean Morrow from Delaware

County and fled to Russia.  In November 2002, the state court found that Ms. Stepnaya willfully

---

1.  Plaintiff's and Ms. Stepnaya's marriage was dissolved on May 29, 2003.

failed to comply with the custody order and granted Plaintiff sole custody of Sean Morrow.  In June 2004, the state court issued an arrest warrant for Ms. Stepnaya for her interference with a child's custody.  Plaintiff later "contacted the U.S. Attorney's Office and requested that an International Arrest Warrant be issued for Ms. Stepnaya based on her actions and the Pennsylvania Arrest Warrant."  (Pl.'s Br. 3.)  Defendant Michael Meehan ("Defendant Meehan"), United States Attorney for the Eastern District of Pennsylvania, declined to issue such a warrant.  To date, Ms. Stepnaya has not returned Sean Morrow to Delaware County or to Plaintiff's custody.

In this instant matter, Plaintiff has filed a Complaint in the Nature of Mandamus, requesting that this Court compel Defendant Meehan to issue a warrant for Ms. Stepnaya's arrest under the International Parental Kidnapping Crime Act, 18 U.S.C. § 1204.  Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1361.

## II.  STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) is granted where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  This motion "'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to [the] plaintiff, [the] plaintiff is not entitled to relief.'"  Maio v. Aetna, Inc., 221 F.3d 472, 481 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)) (citations omitted).  A court must accept all of the plaintiff's allegations as true and attribute all reasonable inferences in the plaintiff's favor.  Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

## III.  DISCUSSION

The writ of mandamus is a remedy reserved only for extraordinary circumstances. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001).  A petitioner seeking the issuance of a writ of mandamus must establish that he or she has no other adequate means of relief and that his or her right to the writ of mandamus is clear and indisputable.  Id.

In the present case, the Court believes the central issue is whether the Court should order Defendant Meehan to enforce the International Parental Kidnapping Crime Act, 18 U.S.C. § 1204, against Ms. Stepnaya.[2]  Initiating a criminal prosecution, which Plaintiff requests, is a discretionary function.  Pooler v. United States, 787 F.2d 868, 871 (3d Cir. 1986) (citations omitted).  Because issuing a warrant and therefore initiating a criminal prosecution is discretionary, the Court finds that Plaintiff cannot show his right to a writ of mandamus is clear and indisputable.  Thus, Defendant's Motion to Dismiss is granted.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted.  An appropriate order follows.

---

2.  Plaintiff also asserts that Defendant Meehan has violated his Fifth Amendment and Fourteenth Amendment rights under the United States Constitution.  This argument is not supported by case law.

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TODD S. MORROW,                                  :          CIVIL ACTION NO. 05-6786
                                                 :
                          Plaintiff,             :
            v.                                   :
                                                 :
PATRICK L. MEEHAN, UNITED                        :
STATES ATTORNEY,                                 :
                                                 :
                          Defendant.             :

## ORDER

AND NOW, this 24th day of August, 2006, upon consideration of Defendant's

Motion to Dismiss (Docket No. 6), Plaintiff's response thereto (Docket No. 8) and Defendant's

Reply (Docket No. 9), it is hereby **ORDERED** that Defendant's Motion to Dismiss is

**GRANTED.**

This case is **CLOSED**.

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.